UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| RAYMOND L. CANTY, | |
| Petitioner, | Civil Action No. 5: 14-443-KKC |
| V. | |
| FRANCISCO QUINTANA, Warden, | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Raymond L. Canty is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Canty has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Canty's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**Background**

On June 27, 2001, Canty and a dozen others were indicted by a federal grand jury sitting in Detroit, Michigan for conspiracy, drug trafficking, money laundering, and murder for their operation of the "Dog Pound" drug ring between 1995 and 2001.  *See United States v. Jones*, 425 F. App'x 449 (6th Cir. 2011).  The indictment alleged that Canty had obtained control of the Willard Hotel and used it to sell cocaine to buyers; that he and Milton Jones would rob rival drug dealers of drugs and money and/or kidnap their relatives for ransom; and that he killed or caused to be killed other persons to further their drug enterprise.  A second superseding indictment charged Canty with conspiracy to possess with intent to distribute five or more kilograms of cocaine, as well as heroin and marijuana, in violation of 21 U.S.C. § 846, with being an accessory after-the-fact by assisting Milton Jones after he murdered Antoine Carruthers in violation of 18 U.S.C. § 3; and with aiding and abetting Eugene Mitchell in the murder of Misha Dorsey in furtherance of the drug trafficking operation in violation of 21 U.S.C. §§ 848(c)(1)(A), 2.

In September 2007, six years after the case was filed but before it had proceeded to trial, Canty agreed to plead guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. 846 and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956 and to cooperate with the government in exchange for the dismissal of the remaining charges against him.  In his plea agreement, Canty acknowledged as true the essential facts set forth in the indictment regarding his role in the drug trafficking ring, expressly admitting that it was foreseeable to him that co-conspirator Eugene Mitchell would murder rival drug dealer Misha Dorsey in furtherance of their drug trafficking operations.

2

Canty further agreed that the information contained in the worksheets attached to his plea agreement accurately reflected his conduct and would be used to determine his sentencing guideline range.  Canty specifically agreed that his drug trafficking involved between 15 and 50 kilograms of cocaine and that "a victim was killed under circumstances that would constitute murder ..."  Canty therefore agreed that his Offense Level would be enhanced from 34 to 43 pursuant to U.S.S.G. § 2D1.1(d)(1) because of the murder.

In light of Canty's cooperation with the government, the prosecution moved for a downward departure for substantial assistance and recommended a 240-month sentence. On January 23, 2008, the court sentenced Canty to 240-month terms of incarceration on each of the two counts, to run concurrently with one another.  Canty appealed, but on April 15, 2011, the Sixth Circuit dismissed the appeal in light of Canty's waiver of his appeal rights in his plea agreement.  In doing so, it noted that during the plea hearing, Eugene Mitchell "confirmed that Canty had arranged for the killing of Howard for the sum of $10,000." *United States v. Canty*, 421 F. App'x 541, 544 (6th Cir. 2011).  On June 25, 2012, the trial court modified the judgment to reduce Canty's two concurrent sentences to 216 months pursuant to Federal Rule of Civil Procedure 35(a).  *United States v. Canty*, No. 2:01-CR-80571-JCO-DAS-2 (E.D. Mich. 2001).

In his petition, Canty indicates that he completed the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP") on April 4, 2014.  [R. 1-3, p. 19] However, prior to completion of the RDAP, the BOP advised him that he was categorically ineligible for one year of credit against his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B) because it concluded that he had committed a violent offense.

Canty challenged the BOP's decision through the inmate grievance process.  On December 20, 2013, the warden denied Canty's grievance noting that "[d]uring the course of

3

the offense conduct a victim was killed under circumstances that would constitute murder."
[R. 1-3, p. 22]

The Mid-Atlantic Regional Office ("MARO") affirmed that denial on March 11, 2014. MARO first noted that under BOP Program Statement ("PS") 5331.02, an inmate is not eligible for early release if he or she has "a current felony conviction for an offense that has as an element the actual, attempted, or threatened use of physical force against the person or property of another," or "a current felony conviction for an offense that by its nature or conduct presents a serious potential risk of physical force against the person or property of another." [R. 1-4, p. 47] MARO then stated that "even though you were not convicted of a separate homicide offense, your offense conduct in relation to your current conviction involved the use of physical force against another person." Specifically, MARO noted that Canty's Presentence Investigation Report stated that Howard's "death resulted directly from [Canty's] conduct …" and therefore "[f]or guidelines purposes, CANTY is being held responsible for … the death of Misha Deandre Howard." MARO therefore concluded that "[t]his renders you ineligible for early release benefit under current federal regulations and Bureau policy." *Id.* On October 1, 2014, the BOP's Central Office affirmed the denial of relief on the same grounds. [R. 1-2, p. 4]

In his petition, Canty contends that the BOP's decision that he is categorically ineligible for a sentence reduction under § 3621(e)(2)(B) is improper because the offenses for which he was actually convicted did not involve violence as an element of the offense, and that any conduct for which he was not convicted cannot be used as a basis to categorically deny credit against his sentence. [R. 1, pp. 2-7]

**Discussion**

Because Canty has both completed the RDAP and exhausted the inmate grievance process challenging the BOP's denial of eligibility for a sentence reduction, his petition presents a claim ripe for review. *Pitts v. Zych*, 419 F. App'x 547 (6th Cir. 2011).

By statute, Congress has given the BOP authority to provide incentives for federal inmates to complete alcohol and drug treatment programs:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Because the statute did not define what constitutes a "nonviolent offense," in 1995 the BOP promulgated regulations to define the term, which were revised in 1997. Both sets of regulations created a split of authority in the federal appellate courts regarding their validity.

The Supreme Court resolved that split and upheld the BOP's regulations in *Lopez v. Davis*, 531 U.S. 230 (2001). Lopez had been convicted of only one offense, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, but when the trial court found that he had possessed a firearm in connection with his drug trafficking, it enhanced his sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1). Lopez filed a habeas corpus petition under § 2241, and the district court granted relief, concluding that the BOP could not consider uncharged conduct – his possession of a firearm – as a basis to categorically exclude him from eligibility for a sentence reduction. On appeal the Eighth Circuit disagreed, concluding that the BOP may look at sentencing factors, not just convictions, to determine if the prisoner's offenses were "nonviolent." *Id*. at 236-37.

5

Before the Supreme Court, the BOP argued that while (1) conviction of a nonviolent offense and (2) completion of the RDAP were **necessary** conditions for sentence reduction eligibility, they were not **sufficient** conditions because § 3621(e)(2)(B) expressly stated only that the BOP "may" grant a sentence reduction if they were satisfied. *Lopez*, 531 U.S. at 239-240. The Supreme Court agreed, concluding that the BOP reasonably exercised its discretion in its implementing regulations:

> [T]he statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau. ... the Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility.

*Id*. at 243. Thus Lopez, whose drug trafficking offense did not itself necessarily involve violent conduct, could be categorically excluded from eligibility based upon his possession of a firearm in furtherance of that offense.

Following *Lopez*, courts have consistently found that the BOP may categorically exclude prisoners convicted of the same offenses committed by Canty, conspiracy to commit drug trafficking in violation of 21 U.S.C. 846 and money laundering in violation of 18 U.S.C. § 1956, from eligibility for sentence reduction under § 3621, notwithstanding the fact that the offenses themselves do not necessarily entail violence in their commission. Cf. *Ardry v. Rios*, 215 F. App'x 776 (10th Cir. 2007) (holding that BOP could properly exclude inmate convicted only of conspiracy to distribute methamphetamine under 21 U.S.C. § 846 where he possessed firearm in furtherance of drug trafficking); see also *Palm v. Walton*, No. 11-10957, 2013 WL 119701, at *1-3 (E.D. Mich. Jan. 9, 2013) (same); *Wood v. Ziegler*, No. 5:11-450, 2012 WL 5497910, at *2-3 (S.D. W.Va. Aug. 20, 2012); *Richardson v. Joslin*, 501 F. 3d 415, (5th Cir. 2007) (holding that BOP could properly exclude inmate convicted only of conspiracy to commit money laundering 18 U.S.C. § 1956 where guns were found at the

6

defendant's home before his arrest); *Keller v. Bureau of Prisons*, No. PJM-06-1303, 2006 WL 4808626, at *3-4 (D. Md. Nov. 15, 2006) (categorical exclusion was warranted where co-conspirators damaged vehicles to obtain insurance in furtherance of conspiracy to commit money laundering under § 1956); *Vinasco v. Bauknecht*, No. 3:05CV246, 2006 WL 212760, at *2-3 (N.D. Fla. Jan. 27, 2006) (holding ineligibility was proper where PSR indicated prisoner possessed loaded gun at time of arrest for § 1956 charge even where firearm possession did not result in either separate conviction or sentence enhancement).

In addition, to the extent Canty contends that the BOP's decision to deny him a reduction in sentence violates his due process rights, that claim must fail.  By its terms, 18 U.S.C. § 3621(e) vests the BOP with broad discretion to decide whether to reduce the sentence of a prisoner convicted of a nonviolent offense.   Because the language of that section is permissive rather than mandatory, inmates who successfully complete the RDAP do not have a liberty interest in early release that is protected by the Due Process Clause. *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998).

Accordingly, **IT IS ORDERED** that:

1.      Canty's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.      The Court will enter a judgment contemporaneously with this order.

3.      This matter is **STRICKEN** from the docket.

Entered July 20, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7